# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-20829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON MORENO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
H-97-CR-41-1

July 10, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:[*]

Wilson Moreno appeals his convictions by a jury of conspiracy to possess cocaine with intent to distribute, aiding and abetting the possession of cocaine with intent to distribute, and possession of a firearm by a felon. For the reasons assigned

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we affirm.

## BACKGROUND

Moreno raises several issues on appeal. He first contends that the trial court erred in denying his motion to suppress evidence of a firearm found in his vehicle at the time of his arrest because the stop of the vehicle upon which his consent was based violated his constitutional rights. He maintains that the police did not have the requisite factual basis to make a **Terry** stop.[1] Our review of the record persuades otherwise.

It is now well established that the authorities may briefly detain pedestrians and motorists, even without probable cause to arrest, provided they have a reasonable suspicion that criminal activity is afoot.[2] The record herein contains abundant evidence of such, including evidence of an undercover agent and confidential informant loading cocaine into a Suburban which is then driven into a closed garage at Moreno's house, subsequently joined by Moreno in his vehicle, and then that vehicle being driven away by Moreno accompanied by the driver of the Suburban. The district court did not err in concluding that the officers had the requisite reasonable suspicion to stop Moreno's vehicle.[3] Moreno consented to the subsequent search which uncovered the weapon at issue in the charge. Admission of this evidence was not in error.

---

[1]**Terry v. Ohio**, 392 U.S. 1 (1968).

[2]**Id**.; **United States v. Ibarra-Sanchez**, 199 F.3d 753 (5th Cir. 1999).

[3]**Id**. at 758-59.

2

Moreno next contends that the district court erred in admitting evidence of a prior Texas felony conviction for possession of cocaine with intent to deliver, and testimony about his involvement in a prior drug transaction with a prosecution witness. As to the latter, he contends that the requisite notice was not given by the government and, further, that same was inadmissible because his intent was not at issue. Neither objection passes muster.

Rule 404(b) of the Federal Rules of Evidence requires the giving of notice of intent to use evidence of prior offenses. The rule permits the court to excuse the giving of this notice for good cause shown. The record herein reflects good cause. It was not until very shortly before the witness testified that the witness informed the government about the other drug transaction. In addition, the record reflects another basis for the appropriate admission of this evidence. Rule 404(b) requires the giving of notice if requested by the accused. Moreno's earlier motion for notice of extraneous offenses was struck by the district court for lack of compliance with local rules. This motion was not refiled prior to trial. There accordingly was no pending request for such notice.

Moreno erroneously contends that his intent was not at issue. His plea of not guilty to the charges automatically accomplished this.[4] He then submits that the probative value of the government's extrinsic evidence had to yield to its potential for unfair prejudice. This claimed error is rejected, particularly in light of the

---

[4]**United States v. Broussard**, 80 F.3d 1025 (5th Cir. 1996).

limiting  instruction given by the district court.[5]

The challenge to the evidence relating to the former conviction falls of its own weight.  Moreno was charged with being a felon in possession of a firearm.  Evidence of the prior felony conviction was not only admissible, it was essential to the proof required for that offense.

Finally, Moreno claims that his motion to sever the firearm count from the other two counts should have been granted.  We are not persuaded.  The district court denied the motion, noting that the weapons charge was derived out of the same facts as the drug charges.  Nothing more need be said herein; the prejudice required to otherwise warrant severance has not been shown.[6]

The convictions and sentences are AFFIRMED.

---

[5]**United States v. Richards**, 204 F.3d 177 (5th Cir. 2000).

[6]Fed. R. Crim. P. 14; **United States v. Ballis**, 28 F.3d 1399 (5th Cir. 1994); **United States v. Park**, 531 F.2d 754 (5th Cir. 1976).